# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

PHILLIP SANCHEZ,

    Plaintiff,

vs.                                                        CIVIL NO. 01-914 RLP/WWD

ALBUQUERQUE POLICE DEPARTMENT,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER having come before the court on the Defendant's Motion to Dismiss Plaintiff's Complaint **(Docket No. 20)**, the court having read the motion, the memoranda in support of and in opposition to the motion and otherwise being fully advised, finds that the motion is well-taken and will be **GRANTED.**

## PROCEDURAL BACKGROUND AND FACTS

On June 27, 2001, Plaintiff, Phillip Sanchez ("Mr. Sanchez"), filed a Complaint for Violation of Civil Rights and False Arrest Under § 1983 of the Civil Rights Act in the Second Judicial District Court for the State of New Mexico. On August 9, 2001, Defendant, Albuquerque Police Department ("APD"), removed the complaint to this court (Docket No. 1). The complaint alleges APD deprived Mr. Sanchez of constitutional rights pursuant to § 1983 of the Civil Rights Act. 42 U.S.C. § 1983.

Mr. Sanchez alleges he was arrested, jailed and substantially inconvenienced because of "negligent procedures and recurring negligent activity of the Albuquerque Police Department." Mr. Sanchez alleges that on two separate occasions APD allowed

another individual to falsely identify himself as the plaintiff, after two separate traffic stops in 1999. The "negligent procedures and recurring negligent activity of APD" is the acceptance by two APD officers of verbal identification and not "positive identification" by a detainee during traffic stops. Plaintiff alleges that this "negligent conduct" constitutes a "direct claim of Constitutional deprivation remedial under § 1983 of the Federal Civil Rights Act."

## DISCUSSION

Pursuant to Fed.R.Civ.P. 12(b)(6), the movant must show "beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). "[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974) overruled on other grounds. *Davis v. Scherer,* 468 U.S. 183 (1954). In light of this standard, the question is whether Mr. Sanchez can state a valid constitutional municipal liability claim. For the reasons set forth below, Mr. Sanchez' municipal liability claim against APD must be dismissed.

In *Monell v. Dept. of Social Services,* 436 U.S. 658, 690-91 (1978), the Supreme Court held that local governments may be sued for damages whenever "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. Moreover . . . local governments . . . may be sued for constitutional deprivations visited pursuant to governmental "custom" even though such a custom has not received formal

2

approval through the body's decisionmaking channels." *Id.* Hence, *Monel* rejects governmental liability based on the *doctrine of respondeat superior*. Thus, a government body cannot be held liable under § 1983 merely because it employs a tort feasor. 436 U.S. at 691-92. Under *Monel,* government liability attaches when the constitutional injury results from the implementation or "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy . . ." 436 U.S. at 694.

In *Latuszkin v. City of Chicago,* 250 F.3d 502, 505 (7th Cir. 2001), the court concluded that a municipal liability claim must be dismissed because the plaintiff claimed no more than a policy or custom of the Chicago Police Department. No where did the plaintiff claim a policy or custom of the city. A municipality may only be held liable where it is the moving force behind the injury because some policy maker made a deliberate choice to act or not act in a certain way. The City of Chicago correctly noted that the complaint only alleged that the Chicago Police Department and its supervisory officials turned a blind eye to the parties. The complaint did not show that the City of Chicago policy makers were aware of the behavior of the officers, or that the activity was so persistent and widespread that the City of Chicago policy makers should have known about the behavior. *Id.*

Mr. Sanchez does not allege that City of Albuquerque policy makers were aware of the behavior of the two officers he cites in his complaint. Further, he does not allege that the activity he complains about was so persistent and widespread that the City of

Albuquerque policy makers should have known about the behavior. Rather, Mr. Sanchez' case is based upon the actions of two separate patrol officers employed by APD. Therefore, given the deficiencies in Plaintiff's complaint, the court finds that Plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Mr. Sanchez' claim must be dismissed.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Plaintiff's Complaint is **GRANTED.** Plaintiff's complaint is dismissed with prejudice.

**IT IS SO ORDERED.**

RICHARD L. PUGLISI
United States Magistrate Judge
Sitting by designation

Stephanie M. Griffin, Esquire - Attorney for Defendant
Peter Everett, IV, Esquire - Attorney for Plaintiff